IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MANUEL RAY WESTON
ADC #127972                                                                      PLAINTIFF

v.                          No. 4:25-cv-341-DPM

JOE DON WINNINGHAM, Public
Defender, 15th Judicial District; BILLY
ALVEY, Police Officer, Conway County
Police Department; CONWAY COUNTY
CIRCUIT COURT, 15th Judicial District;
JERRY DON RAMEY, Judge; JOHN
SYDOW; and DOE, Deputy Prosecuting
Attorney                                                                        DEFENDANTS

ORDER

1.  Weston's motions to proceed *in forma pauperis*, *Doc. 1*, and to correct spelling, *Doc. 3*, are granted. The Court directs the Clerk to correct the spelling of Defendant Alvey's name on the docket sheet. Further, the Court assesses an initial partial filing fee of $11.43. Weston's custodian must collect monthly payments from his prison trust account each time the amount in the account exceeds $10. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on Weston's

behalf must be clearly identified by case name and case number. The Court directs the Clerk to send a copy of this Order to the Administrator of the White County Detention Facility, 1600 East Booth Road, Searcy, Arkansas 72143.

2.     The Court has received Weston's motions for a status update and for copies, *Doc. 13 & 18*. They are granted. The Court directs the Clerk to send Weston a copy of *Doc. 8, 9, & 10* and the docket sheet. Weston also asked about the status of documents that he filed in state court. This Court can't answer those questions—that's a different court.

3.     The Court must screen Weston's § 1983 complaint and amended complaint. *Doc. 2 & 8*; 28 U.S.C. § 1915A(a). The Court also appreciates his notices, *Doc. 4, 5, 6, 7, 9, 10, 15, 16 & 17*.

Weston was represented by two public defenders, Joe Don Winningham and John Sydow. He challenges their work. He asserts that Winningham coerced him in 2015 into pleading guilty to possessing psilocybin mushrooms. Weston alleges that his resulting sentence was excessive. *Doc. 2 at 4*. Weston was eventually paroled. He says that Probation Officer Alvey has continually harassed him and subjected him to police brutality. *Doc. 2 at 5*. Weston next alleges that the Conway County Detention Center wrongly denied him medicines to treat diabetes and pain. *Doc. 2 at 6, 16–17*. Finally, in his amended complaint, Weston contends that his lawyers, an unnamed prosecuting attorney, and Judge Ramey colluded to commit fraud in his recent

criminal trials. *Doc. 8 at 1.* He sues the various defendants only in their official capacity, seeking damages and asking for them to be fired.

- Weston's challenge to the validity of his 2015 guilty plea is time barred by Arkansas's three-year statute of limitations. *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001). This claim is *Heck*-barred, too. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A ruling in Weston's favor would call into question the validity of his state-court conviction. And he hasn't alleged that the conviction has been reversed, expunged, or invalidated. *State v. Weston*, No. 15CR-14-207 (Conway County) (Sentencing Order).

- Weston's parole-related claims fail, too. He points to a 2021 parole search where Officer Alvey allegedly put his finger in Weston's face. Any claim arising from the 2021 search is also time barred because the event occurred more than three years ago. *Miller*, 247 F.3d at 739. And the official-capacity claims also fail because Weston hasn't argued that Officer Alvey was acting under a county policy, practice, or custom. *Brewington v. Keener*, 902 F.3d 796, 800–01 (8th Cir. 2018).

- Weston challenges the adequacy of his representation by public defenders Winningham and Sydow, suggesting that they colluded with Judge Ramey and an unnamed prosecuting attorney during his criminal proceedings. A public records search reveals that Weston pleaded guilty in April 2025 possessing drugs intending to deliver them. *State v. Weston*, No. 15CR-23-272 (Conway County); *State v. Weston*, No. 15CR-22-216 (Conway County). Any claims for damages that Weston has arising from these convictions are therefore *Heck*-barred. *Heck*, 512 U.S. at 486-87.

- Public defenders Winningham and Sydow are immune from suit for their actions in representing Weston. *Polk County v. Dodson*, 454 U.S. 321, 325 (1981). His claims against the prosecuting attorney fail for the same reason. *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006). And Judge Ramey has judicial immunity against Weston's claims because he was acting as a judge in a matter within his jurisdiction. *Justice Network Inc. v. Craighead County*, 931 F.3d 753, 759-60 (8th Cir. 2019).

- Weston hasn't specified why he is suing the Conway County Circuit Court, but it is not an entity that can be sued. *Harris v. Missouri Court of Appeals, Western District*, 787 F.2d 427, 429 (8th Cir. 1986).

- This Court has no authority to fire or compel the criminal prosecution of any of the defendants. *Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009).

Weston's claims based on his medical care while in the custody of the Conway County Jail are in a different posture. They are dismissed without prejudice as improperly joined. Fed. R. Civ. P. 21. They are not sufficiently connected with all his other claims about his lawyers, his parole, and his prosecutions. The Court directs the Clerk to send Weston a blank § 1983 complaint and motion to proceed *in forma pauperis*. He can bring his medical-care claims in a separate lawsuit, if he chooses to do so.

\*   \*   \*

For the reasons specified, Weston's complaint will be dismissed without prejudice for failure to state a claim. The Court recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). An *in forma pauperis* appeal from this Order and accompanying Judgment will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

29 May 2025

-5-